# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

## CONCILIATION CONFERENCE MINUTES

FILED
11/20/19 3:03 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

### Conciliation Conference:

Debtor: Richard D. Kardos

Case Number: 17-10862-TPA        (Chapter 13)
Date / Time / Room: 11/12/2019 10:00 am /Bankruptcy Courtroom
Hearing Officer: CHAPTER 13 TRUSTEE

**Matter:** #66 - Amended Plan dated 9/17/19 (FC)

### Appearances:

Debtor: Foster
Trustee: Winnecour / Katz / Pail / DeSimone
Creditor:

*CONFIRMATION ORDER TO BE ENTERED*

### Proceedings:

Recommended Outcome:

1. _ Case Converted to Chapter 7
2. _ Case Converted to Chapter 11
3. _ Case Dismissed without Prejudice
4. _ Case Dismissed with Prejudice
5. _ Debtor is to inform Court within _____ Days their preference to Convert or Dismiss
6. _ The plan payment/term is increased/extended to _____, effective _____.
7. _ Plan/Motion continued to _____ at _____.
8. _ An Amended Plan is to be served on all creditors and certificate of service filed by _____.
   Objections are due on or before _____.
   A hearing on the Amended is set for _____ at _____.
9. _ Other:

### For Judge Agresti cases:
Student Loan Debt: If the pro rata or timing of the proposed plan payment of student loan debt differs in any respect to that of the unsecured debt in the case, describe such differences and reasons for disparate treatment: N/A

74

**KARDOS, RICHARD D.** _____ Case No. __**17-10862**___ TPA
Debtor(s)

Chapter 13 Plan dated ___9/17/19___

Issued per the **November 12, 2019** Proceeding

Next Hearing Date: _____
& time:

☐ No Changes

☒ A. For the remainder of the Plan term, the Plan payment is amended to be $__601__ as of __11/19__. Debtor(s)' counsel shall file a motion to amend the income attachment order within five (5) days of the date of this Order.

☐ B. The length of the Plan is increased to a total of _____ months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☐ C. Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees.

☐ D. Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority or extent of liens, including determination of the allowed amount of secured claims under 11 U.S.C. §506, disputes over the amount and allowance of claims entitled to priority under 11 U.S.C. §507, and all objections to claims.

☐ E. The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the plan.

☐ F. _____ shall be paid monthly payments of $_____ beginning with the Trustee's _____ distribution and continuing for the duration of the plan term, to be applied by that creditor to its administrative claim, budget payments and/or security deposit. These payments shall be at the _fifth_ distribution level.

☐ G. Fee application needed if fees (including retainer) exceed $2,000/$2,500.

☐ H. The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the debtor(s) successfully objects to the claim:

☒ I. Additional Terms: _secured_

No further payments to following claims because of: surrender of collateral in amended plan / Trustee receipt of notice from creditor that it has been paid / other. All prior payments ratified and confirmed.

Jefferson Capital (Cc #2)

The estimated pool of funds available to be paid to general unsecured creditors and estimated percentage dividend are revised to $__7851.27__ (__100__ %).

☐ **CASE TO BE DISMISSED**